UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Theron Johnny Maxton**, # 140384, | ) C/A No. 0:05-2872-DCN-BM |
| Plaintiff, | ) |
| v. | ) Report and Recommendation |
| **A. Rollins**, Corporal at Allendale Correctional Institution;<br>**NFN Odom**, Sergeant at Allendale Correctional Institution; and<br>**Bernard Walker**, Major at Allendale Correctional Institution, in their personal capacity, | ) |
| Defendants. | ) |

The plaintiff, Theron Johnny Maxton, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff is an inmate at the Allendale Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The defendants are correctional officers (of various ranks) at the Allendale Correctional Institution in Fairfax, South Carolina.

The plaintiff is also a so-called "frequent filer" of litigation in this Court. In the complaint, the plaintiff contends that his life is in danger because a correctional officer has threatened to kill him. Specifically, the plaintiff



1

alleges: (1) defendant Rollins in her personal capacity has solicited defendant Odom to make threats against the plaintiff and engage in sexual harassment of the plaintiff; (2) on September 23, 2005, defendant Odom told the plaintiff that "the Defendant Odom would Bring his Gun in here and kill the plaintiff the next time plaintiff wrote a Request of Grievance" about him or defendant Rollins; (3) on September 14, 2005, "Defendant Rollins was Letting some inmate masturbate off her to get them to start a Fight with the plaintiff[;]" (4) defendant Walker has known since March 30, 2005, about the threats to the plaintiff and has taken no action; (5) on September 21, 2005, defendant Rollins "tried to have a [sic] inmate that she having sexual contact with to plant a knief [sic] in Plaintiff Room to try to get the Plaintiff a charge[;]" (6) defendant Rollins has told the plaintiff that she "had Defendant Odom and officer Dumbar who were going to get the plaintiff[;]" (7) defendant Walker told the plaintiff that he [defendant Walker] did not believe that defendant Rollins meant what she said; and (8) defendant Walker also told the plaintiff "not to tell him anything about Defendant Rollins or any Female officers here Because [sic] most of the Female officers here have childrens [sic] By Officers here and he Defendant Walker was'nt [sic] going to take any Action against Defendant Rollins and Defendant Odom, who have Put Plaintiff Life in



Imminent Danger By threating [sic] to Bring a Gun Inside this Prison to kill the Plaintiff[.]" (Complaint, at pages 3-4 [irregular capitalization and punctuation in original]).

In his prayer for relief, the plaintiff seeks: (1) an emergency preliminary injunction against the defendants and a restraining order against defendant Odom; (2) punitive damages against defendants Rollins and Walker; and (3) actual damages against defendants Odom and Rollins. The plaintiff also demands a jury trial on "all these Issues[.]" (Complaint, at page 5).

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Maryland House of Correction</u>, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); <u>Todd v.



Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[1] Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, Moffitt v. Loe, 446 U.S. 928 (1980); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978).

The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. See Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). See Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, this § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently

---

[1] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").



cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

First, it can be judicially noticed that the plaintiff has filed more than three prior frivolous cases in this court, which have been deemed strikes.[2] Hence, in order to proceed without payment of the filing fee and other court costs, plaintiff must show that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  While the allegations of plaintiff's complaint could arguably be deemed to meet this standard, plaintiff's ability to proceed with this lawsuit is also constrained by yet another restriction; i.e., he has been placed under an order of pre-filing review limiting him to one pending "life in danger" case at a time in the District of South Carolina pursuant to the holding in Graham v. Riddle, 554 F.2d 133, 134-135 & n. * (4th Cir. 1977).  See Order of the Honorable David C. Norton, United States District Judge (Entry No. 18) of October 17, 2001, in Maxton v. Duckette, et al., Civil Action No. 0:01-3532-18BD.

It can be judicially noticed that the plaintiff has a pending "life in danger" civil rights action in the District of South Carolina.  See pleadings in Theron

---

[2]A district court may take judicial notice of materials in the court's own files from prior proceedings. See United States v. Parker, 956 F.2d 169, 171, 1992 U.S.App. LEXIS® 1319 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding); See also United States v. Webber, 396 F.2d 381, 386-387 (3rd Cir. 1968); Fletcher v. Bryan, 175 F.2d 716 (4th Cir. 1949).



Johnny Maxton v. Linda Martin, Grievance Clerk, et al., Civil Action No. 0:05-2009-DCN-BM, which was filed on July 20, 2005.  In an order filed in Civil Action No. 0:05-2009-DCN-BM on July 27, 2005, the undersigned authorized the issuance and service of process.  Civil Action No. 0:05-2009-DCN-BM is still pending in this district court.

Although retaliation against a prisoner for filing suits or grievances is actionable under 42 U.S.C. § 1983, Black v. Lane, 22 F.3d 1395, 1399, 1994 U.S.App. LEXIS® 8939 (7th Cir. 1994)(collecting cases), plaintiff is "struck out" for purposes of that claim, and he is otherwise limited to one pending "life in danger" case in the United States District Court for the District of South Carolina.  Therefore, the above-captioned case should be dismissed.  The plaintiff can bring a new "life in danger" case after Civil Action No. 0:05-2009-DCN-BM is concluded.

### *Recommendation*

Accordingly, it is recommended that the Court dismiss the above-captioned case *without prejudice* and without issuance and service of process because the plaintiff already has a pending "life in danger" case (Civil Action No. 0:05-2009-DCN-BM).  See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201,



202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); <u>Boyce v. Alizaduh</u>, <u>supra</u>; <u>Todd v. Baskerville</u>, <u>supra</u>, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].

The plaintiff's attention is directed to the Notice on the next page.

Respectfully submitted,

Columbia, South Carolina

October 14, 2005

Bristow Marchant
United States Magistrate Judge

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
# The *Serious Consequences* of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review").  **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.**  See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
